IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BRIER Q. WILSON and JOHNNY GARCIA,
individually and on
behalf of all others similarly situated                           PLAINTIFFS

          v.                         CASE NO. 4:20-cv-2001

TEXAS FORCE SECURITY AGENCY
RAMIRO G. RAMIREZ
NINA E. ACUNA                                                     DEFENDANTS

## COLLECTIVE ACTION COMPLAINT

### I. INTRODUCTION

1.   This is an action for violations of the Fair Labor Standards Act. Defendant Texas Force Security Agency is a licensed private security company operating in Texas which is owned and operated by Defendants Ramiro Ramirez and Nina Acuna. Plaintiffs Brier Wilson and Johnny Garcia worked over eighty hours per week for Defendants as commissioned security officers. They were paid a $10.00 per hour but were not paid an overtime premium when they worked more than forty hours. Texas Force Security Agency, Ramiro Ramirez, and Nina Acuna willfully deprived Plaintiffs and all similarly situated individuals of the overtime payments required by law. Plaintiffs bring this action to recover the unpaid overtime due under the Fair Labor Standards Act, liquidated damages, attorneys' fees and expenses, and any other relief the Court deems just and proper.

## II. PARTIES, JURISDICTION, AND VENUE

2. Brier Wilson is a citizen of Harris County, Texas. He was formerly employed by Texas Force Security Agency as a commissioned security officer from May 2019 until April 2020. A copy of his consent to join is attached as Exhibit 1.

3. Johnny Garcia is a citizen of Harris County, Texas. He was formerly employed by Texas Force Security Agency as a commissioned security officer from January 2017 until May 2018. A copy of his consent to join is attached as Exhibit 2.

4. Defendant Texas Force Security Agency is a private security company licensed by the Texas Department of Public Safety – License #B07910. Its corporate office is located at 2017 Arbor Gate Court in Richmond, Texas.

5. Defendant Ramiro Ramirez is an owner of Texas Force Security Agency and is a citizen of Fort Bend County, Texas.

6. Defendant Nina Acuna is an owner of Texas Force Security Agency and is a citizen of Fort Bend County, Texas.

7. This Court has jurisdiction over the Plaintiffs' claims and subject matter of this action. 28 U.S.C. § 1331; 28 U.S.C. § 1367; 29 U.S.C. 216(b).

8. Venue lies within this county because a substantial part of the events or omissions giving rise to the claim occurred in this county. 28 U.S.C. § 1391(b)(2).

## III. FACTS

9. Plaintiffs incorporate the preceding paragraphs as if they were fully set forth herein.

10. Texas Force Security Agency is based in Richmond, Texas and provides armed private security services for businesses and other entities within the state.

11. Texas Force Security Agency has approximately fifteen clients who contract for round-the-clock private security. Most posts require only one officer per shift, but sometimes require two or more based on the situation and unique characteristics of the site being guarded.

12. Upon information and belief, Texas Force Security Agency has employed over 170 security officers within the last three years.

13. Texas Force Security Agency employs armed security officers but does not furnish firearms to its officers. Rather, it requires them to purchase their own for use during work hours.

14. Upon information and belief, Defendant Texas Force Security Agency has had an annual gross income exceeding $500,000.00 for each of the past three years, and it has employees engaged in interstate commerce.

15. Ramirez and Acuna as owners of Texas Force Security Agency are responsible for the company's policies and procedures, including whether its employees were paid overtime when they worked more than forty hours in a workweek as required by law.

16. Ramirez and Acuna evenly split control of Texas Force Security Agency between themselves. Ramirez oversees operational control of security officers while Acuna handles all administrative tasks, including payroll.

17. Ramirez and Acuna, as co-owners of Texas Force Security Agency, knew or should have known that Wilson, Garcia, and all of the other security officers were entitled by law to be paid an overtime premium for all hours worked over forty per workweek.

18. Wilson worked for Texas Force Security Agency from May 2019 through April 2020 as a commissioned security officer.

19. Garcia worked for Texas Force Security Agency from January 2017 through May 2018 as a commissioned security officer.

20. During his tenure with Texas Force Security Agency, Plaintiff Wilson regularly worked over eighty hours per workweek as shown by the attached timesheets. (**Exhibit 3**). Wilson and the other security officers worked similar hours during their other weeks of employment as well.

21. Wilson and Garcia were paid an hourly wage of $10.00 but were not paid overtime as shown by the attached paycheck stubs. (**Exhibit 4**). Wilson and the other security officers were paid in a similar manner for the other weeks of their employment.

22. Wilson repeatedly asked Ramirez and Acuna why he was not paid an overtime premium for working over forty hours per week as required by law. Ramirez and Acuna repeatedly promised they would correct their error in failing to pay an overtime premium for all hours worked over forty per week.

23. On April 12, 2020, Wilson contacted Ramirez to complain again about not being paid overtime owed to him by Defendants. Ramirez told Wilson to contact Acuna who said she would look into it.

24. On April 15, 2020, Acuna told Wilson that he was terminated by Texas Force Security Agency for "insubordination." Acuna did not provide any further details, but Wilson had not done anything that would be insubordinate. The only thing Wilson had done was complain about not being paid overtime.

### IV. COLLECTIVE ACTION ALLEGATIONS

25. Plaintiffs incorporates by reference the preceding paragraphs as if they were fully set forth herein.

26. Plaintiffs bring this action as a FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf themselves and all others similarly situated, specifically, as follows:

> All hourly paid security officers who worked for Texas Force Security Agency within the last three years and continuing through the date on which final judgment is entered in this action.

27. Plaintiffs reserves the right to modify or amend the proposed class definition subject to additional information gained through further investigation and discovery.

28. Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action because other employees are similarly situated to Plaintiffs.

29. There are numerous similarly situated former and current hourly employees who would benefit from the issuance of Court supervised notice of the instant lawsuit and the opportunity to join this action. Upon information and belief, approximately 170 security officers have been employed by Texas Force Security Agency within the last three years. Similarly situated employees are known to Texas Force

Security Agency and readily identifiable through payroll records it is required to keep pursuant to 29 U.S.C. § 211(c).

30. There are questions of law and fact common to Plaintiffs and others similarly situated, which predominate over any questions affecting individual members only. These factual and legal questions include, and are not limited to:

   a. Whether Defendants are considered "employers" under the FLSA;

   b. Whether Plaintiffs and others similarly situated are subject to an exception to the general duty imposed on employers to pay overtime payments;

   c. Whether Texas Force Security Agency satisfied its obligation to pay Plaintiffs and others similarly situated at least the required overtime payments under the FLSA;

   d. Whether Texas Force Security Agency's misconduct was willful;

   e. Whether Plaintiffs and others similarly situated are entitled to liquidated damages;

   f. Whether Plaintiffs and others similarly situated are entitled to attorneys' fees and costs

31. Texas Force Security Agency acted and refused to act on grounds generally applicable to Plaintiffs and others similarly situated.

32. Ramirez and Acuna, as co-owners with operational control in determining whether Plaintiffs was paid overtime as required by law, acted and refused to act on grounds generally applicable to Plaintiffs and others similarly situated.

33. Plaintiffs' claims are typical of the claims of all others who are similarly situated in that Plaintiffs were denied overtime because of Texas Force Security Agency's

policies and practice. This is the predominate issue that pertains to the claims of Plaintiffs and the members of the putative class.

34. Plaintiffs' FLSA damages, and those of all others who are similarly situated, can be calculated mechanically based on records Texas Force Security Agency is required to keep. If Texas Force Security Agency failed to keep records as required by law, Plaintiffs and putative class members are entitled to damages based on the best evidence available, even if it is only an estimate. *See Anderson v. Mt. Clemens*, 328 U.S. 680, 687 (1947). Texas Force Security Agency cannot benefit from its failure, if any, to maintain records required by law.

35. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

36. Plaintiffs will fairly and adequately protect the interests of the putative class, as their interests are in complete alignment with others similarly situated. i.e., to prove then eradicate Texas Force Security Agency's illegal practice of blatantly withholding overtime payments required under the FLSA.

37. Plaintiffs' counsel is experienced with class and collective litigation, has previously served as class counsel in FLSA litigation, and will adequately protect the interests of Plaintiffs and others similarly situated.

38. Plaintiffs and the proposed FLSA class they seek to represent have suffered, and will continue to suffer, irreparable damage from the illegal policy, practice, and custom regarding Texas Force Security Agency's pay practices.

39. Texas Force Security Agency has engaged in a continuing violation of the FLSA.

40. Plaintiffs and other similarly situated hourly employees were denied overtime compensation because of Texas Force Security Agency's illegal practices. These violations were intentional and willfully committed.

## V. COUNT I
## FLSA: FAILURE TO PAY OVERTIME
(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED)

41. Plaintiffs incorporates by reference the preceding paragraphs as if they were fully set forth herein.

42. At all relevant times, Plaintiffs and those similarly situated were entitled to the rights, protections, and benefits provided under the FLSA.

43. At all relevant times, Plaintiffs and those similarly situated were hourly employees of the Defendants, as defined by 29 U.S.C. § 203(e).

44. At all relevant times, Defendants were the "employers" of Plaintiffs and those similarly situated, as defined by 29 U.S.C. § 203(d).

45. 29 U.S.C. § 207(a)(2) provides that no employee shall work in excess of forty hours per workweek "unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

46. At all relevant times, Defendants, pursuant to their policies and procedures, failed and refused to fully compensate Plaintiffs and those similarly situated for work

performed in excess of forty hours per workweek at the rate required by 29 U.S.C. § 207(a)(2).

47. Plaintiffs and all others similarly situated are entitled to all unpaid compensation for all hours worked in excess of 40 per work week at a rate not less than one-and-a-half times their regular rate of pay.

48. Defendants have willfully violated and continue to violate the FLSA by failing to pay one-and-a-half times the regular rate of pay for compensable work in excess of 40 hours in a workweek.

49. Plaintiffs and those similarly situated have sustained damages because of Defendants' violation of the FLSA.

50. Defendants' violations entitled Plaintiffs and those similarly situated to liquidated damages pursuant to 29 U.S.C. § 216(b) in an amount equal to Plaintiffs' and the putative class's compensatory damages.

51. Plaintiffs and all other similarly situated are entitled to an award of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## VI. COUNT II
### FLSA: RETALIATION (29 U.S.C. § 215)
**(INDIVIDUAL PLAINTIFF – PLAINTIFF WILSON)**

52. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

53. Under the FLSA, employers are prohibited from taking any adverse action against an employee covered by the Act because that person took action to enforce a legal right afforded to them under the Act.

54. Wilson was terminated by Texas Force Security Agency within days of him making an internal complaint to Ramirez and Acuna about their failure to pay him an overtime premium for all hours worked in excess of forty each work week throughout his tenure.

55. Texas Force Security Agency, Ramirez, and Acuna failed to provide Plaintiff Wilson with an explanation for his termination beyond alleging he committed "insubordination."

56. Defendants violated the FLSA's anti-retaliation provision when it terminated his employment in response to his internal complaint about their failure to pay him overtime as required by law.

57. Plaintiff is entitled to compensatory damages, punitive damages, and attorneys' fees & costs pursuant to 29 U.S.C. § 216(b).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests this Court:

**a.** Enter an Order certifying Plaintiffs' claims brought under the Fair Labor Standards Act for treatment as a collective action;

**b.** Designate Plaintiffs as Representative of the Class;

**c.** Appoint Holleman & Associates, P.A. as class counsel;

**d.** Enter a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act;

**e.** Enter a permanent injunction restraining and preventing Defendants from withholding the compensation that is due to their hourly employees, from retaliating

against any of them for taking part in this action, and from further violating their rights under the Fair Labor Standards Act;

  **f.**  Enter an Order for complete and accurate accounting of all the compensation to which Plaintiffs and all other similarly situated hourly employees are entitled;

  **g.**  Award Plaintiffs and all putative class members compensatory damages in an amount equal to the unpaid back wages at the applicable overtime rates from three (3) years prior to this lawsuit through the date of trial;

  **h.**  Award Plaintiffs and all putative class members liquidated damages in an amount equal to their compensatory damages;

  **i.**  Award Plaintiffs and all putative class members punitive damages;

  **j.**  Award Plaintiffs and all putative class members all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action and all claims, together with all applicable interest; and

  **k.**  Grant Plaintiffs and all putative class members all such further relief as the Court deems just and appropriate.

## VIII. JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully Submitted,

*/s/ Timothy A. Steadman*
Timothy A. Steadman
Arkansas Bar No. 2009113
S.D. Texas Bar No. 2810976
tim@johnholleman.net
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043