United States District Court
Southern District of Texas
**ENTERED**
November 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Brier Q. Wilson, et al., § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> Texas Force Security Agency, et al., § <br> Defendants. § | Civil Action H-20-2001 |

# Report and Recommendation

Brier Q. Wilson and Johnny Garcia have moved to conditionally certify a class of workers in this action for unpaid compensation. (D.E. 18.) The court recommends that the motion be granted.

## 1. Background and Procedural Posture

Brier Q. Wilson and Johnny Garcia filed this suit on June 8, 2020, individually and on behalf of all others similarly situated, seeking recovery of unpaid overtime wages. According to the live complaint, Texas Force Security Agency (Texas Force) failed to pay overtime compensation to hourly employees as required under the Fair Labor Standards Act (FLSA). Plaintiffs allege that Ramiro Ramirez and Nina Acuna are liable as the owners of Texas Force.

On October 16, 2020, Plaintiffs moved to conditionally certify and send notice to:

> All hourly paid security officers who worked for Texas Force Security Agency within the last three years and continuing through the date on which final judgment is entered in this action.

Included with Plaintiffs' motion are four declarations, records of employment from the Texas Department of Public Safety, and proposed notice and consent forms. (D.E. 18-1 – 18-6.)

Plaintiffs seek conditional certification and approval of the proposed notice forms. They also ask the court to order Texas Force

to provide them with the contact information of putative class members.

## 2. Objections

Texas Force objects to Wilson's declaration because it is unsigned and to the Texas Department of Public Safety employment list because it is not limited to the relevant three-year time frame. In their reply, Plaintiffs attached the signed declaration. Plaintiffs also explained that the scope of the employment list would be narrowed if Texas Force turned over a list of putative class members as requested. Due to the leniency afforded at this stage in proceedings, plaintiffs are not required to present evidence in a form that would be admissible at trial. *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 761 (N.D. Tex. 2013) (collecting cases). The court finds the presented documents to be acceptable at this step. Texas Force's objections are denied.

## 3. Legal Standard

The FLSA requires covered employers to pay employees overtime for any workweeks longer than forty hours. 29 U.S.C. § 207(a). Under the FLSA, employees can sue employers violating FLSA regulations both individually and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). These similarly-situated individuals have the option to join the collective action. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 919 (5th Cir. 2008).

District courts have discretion to send notice to potential opt-in plaintiffs and many courts analyze the certification process using what is commonly known as the "*Lusardi*" method. *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500 & n.9 (5th Cir. 2019) (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)). Under *Lusardi*, the district court first determines whether individuals are similarly situated at the notice stage, generally based only on pleadings and affidavits. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). This "fairly lenient standard . . . typically results in 'conditional certification' of a representative class." *Id.* at 1214. The *Lusardi* approach later requires a second determination upon a defendant's motion to decertify the class after discovery is complete. *Id.*

*4. Analysis*

Texas Force argues that Plaintiffs have not presented a legitimate claim because the FLSA's overtime requirements do not apply to the company and Defendant Nina Acuna is not a responsible party. The court need not consider these arguments. At this first *Lusardi* stage, the court does not review the underlying merits of the complaint. *Walker v. Honghua America, LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012); *see McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010) (excluding factual disputes and credibility determinations from the conditional certification analysis). The court instead considers whether conditional certification of Plaintiffs' claims would reduce litigation costs and promote judicial efficiency. *Walker*, 870 F. Supp. 2d at 466.

To obtain conditional certification, "a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *McKnight*, 756 F. Supp. 2d at 801. The "determination centers on whether a factual nexus exists between the proposed members of the class such that the grouping promotes judicial efficiency." *Loy v. Rehab Synergies, LLC*, 366 F. Supp. 3d 847, 853 (S.D. Tex. 2019).

*A. Existence of Aggrieved Individuals*

"Under this first element, the plaintiffs need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 862 (S.D. Tex. 2012). Both Wilson and Garcia declared that they regularly worked over sixty hours per week but were never paid overtime compensation. (D.E. 18-1 ¶¶ 8–9; D.E. 18-2 ¶¶ 8–9.) Employment records from the Texas Department of Public Safety show over 100 individuals that worked as security officers for Texas Force. (D.E. 18-3.) Although the records do not provide employment dates, they do show at least three other security officers, in addition to Wilson and Garcia, that worked for Texas Force

within the past three years. *Id.* at 5, 8. Texas Force's office manager declared that the company informs each new employee that they are not entitled to overtime. (D.E. 21-1 ¶ 7.) Because it is reasonable to believe that Texas Force's security officers are subject to the same compensation policy, Plaintiffs have shown that other aggrieved individuals exist.

### B. Similarly Situated to Plaintiff

To establish the second element, "the class representative must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Walker*, 870 F. Supp. 2d at 468 (quoting *Ryan v. Staff Care*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007)); *McKnight*, 756 F. Supp. 2d at 803–04 (collecting cases). Potential class members should be similarly situated in terms of job requirements and payment provisions but need not be identical. *Heeg*, 907 F. Supp. 2d at 862.

The parties agree that all employees were denied overtime compensation. Wilson declared that Texas Force assigned him to patrol a Houston store and to document any unusual activities. (D.E. 18-1 ¶ 7.) Although he regularly worked over eighty hours per week, Texas Force never paid him overtime compensation. *Id.* ¶¶ 8–9. Copies of Wilson's paychecks show that Texas Force instead paid him a flat hourly rate, even when he worked over 168 hours in a two-week period. *Id.* at 11, 12. Garcia declared that Texas Force assigned him to patrol a Houston apartment complex and to document any unusual activities. (D.E. 18-2 ¶ 7.) He also declared that he regularly worked over sixty hours per week and never received overtime pay. *Id.* ¶¶ 8–9. In a similar 2013 lawsuit against Texas Force, two other security officers declared that they regularly worked over sixty hours per week without receiving overtime compensation. (D.E. 18-4 at 1 ¶ 3, 2 ¶¶ 3–5.) These declarations are evidence that security officers are similarly situated to Plaintiffs.

### C. Desire to Opt-in

Courts in this district are split on whether the plaintiff must show the existence of others who desire to opt-in. *Compare McKnight*, 756 F. Supp. 2d at 805 (analyzing the third element), *with*

*Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 768 (S.D. Tex. 2015) (determining the analysis is not required). Prior cases before this court have not raised the desire to opt-in as an issue. The same is true in this case. The court declines to weigh in on this legal issue because it has not been raised or briefed by either party.

Texas Force does not address directly any of the conditional certification factors. Instead, the company makes only misplaced merits-based arguments. Under the lenient standard afforded at the notice stage, Plaintiffs have shown that conditional certification would promote judicial efficiency. The court therefore recommends that conditional certification be granted.

*5. Conclusion*

The court recommends that Plaintiffs' motion to certify be granted as to:

> All hourly-paid security officers who worked for Texas Force Security Agency within the last three years, and who were not paid at least time and one-half for hours worked in excess of forty in a workweek.

The parties are ordered to confer about the proposed notice and consent forms and submit agreed forms to the court by December 4, 2020. If there is disagreement about the forms, the parties shall file a joint status report by December 4, 2020, explaining the disagreement. The court will set a hearing.

Texas Force is ordered to produce the names, mail and email addresses, and dates of employment of potential class members within ten days of certification by the District Judge.

5

The parties shall submit a proposed scheduling order for the court's consideration by December 4, 2020.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on November 25, 2020.

_____
Peter Bray
United States Magistrate Judge